UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY SIMS, JR.,

               Plaintiff,                           Hon. Ellen S. Carmody

v.                                                Case No. 1:12-cv-28

J. BIGGART, et al.,

               Defendants.

_____/

## OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment, (dkt. #39), Plaintiff's Motion for Partial Summary Judgment, (dkt. #44), and Plaintiff's Motion for Franks Hearing, (dkt. #45).  For the reasons discussed herein, Defendants' motion is **granted**; Plaintiff's motions both **denied**; and this matter **terminated**.


## BACKGROUND

On August 17, 2011, members of the Berrien County Narcotics Unit entered Plaintiff's residence at 790 Edgecumbe Avenue to execute a search warrant.  The subsequent search of Plaintiff's residence uncovered marijuana and related paraphernalia which Plaintiff admitted belonged to him.  Plaintiff was subsequently charged with possession of marijuana.

Plaintiff initiated this action against the Berrien County Sheriff Department (BCSD) and the following BCSD employees: Sheriff L. Paul Bailey; Narcotics Unit Deputies J. Biggart, unknown Hopkins, unknown Johnson, unknown Yech, unknown Babcock, unknown Haskins, unknown Larsch, unknown Boyce and other unknown deputies.  Plaintiff also sued the following

individuals: Berrien County Prosecutor Arthur J. Cotter; Assistant Prosecutors Cortney O'Malley, Jeffrey B. Taylor, Mark Sanford, and other unknown prosecutors; Berrien County Public Defenders Earnest White, Scott Sanford and other unknown public defenders; Berrien District Judge Dennis M. Wiley and other unknown district judges.  Plaintiff alleges various causes of action arising from the aforementioned incident.  All of Plaintiff's claims were dismissed on screening except his claim, asserted against Defendants Biggart, Hopkins, Johnson, Yech, Babcock, and "unknown deputies," challenging "the reasonableness of the search."

Defendants Biggart, Hopkins, Johnson, Yech, and Babcock now move to dismiss the claims against them for failure to state a claim upon which relief may be granted.  Defendants, in the alternative, also move for summary judgment.  In support of their motion, Defendants have submitted evidence outside the pleadings.  The Federal Rules of Civil Procedure provide that when a motion to dismiss for failure to state a claim is supported by "matters outside the pleadings," such motion "must be treated as one for summary judgment" and the parties "given a reasonable opportunity" to respond thereto. Fed. R. Civ. P. 12(d).  Accordingly, Defendants' motion to dismiss for failure to state a claim is denied.  Because Defendants also clearly moved for summary judgment, the Court finds that Plaintiff was sufficiently notified of the relief sought and has had ample opportunity to respond thereto.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that

the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility

determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).

Rather, the non-moving party "must be able to point to some facts which may or will entitle him to

judgment, or refute the proof of the moving party in some material portion, and. . .may not merely

recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually

uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

   While a moving party without the burden of proof need only show that the opponent

cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th

Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof  faces a

"substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby

County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden --

the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be

sufficient for the court to hold that no reasonable trier of fact could find other than for the moving

party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER,

*Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D.

465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden

of proof "must show the record contains evidence satisfying the burden of persuasion and that the

evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at

561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138

(3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the

party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.          **Defendants' Motion for Summary Judgment**

        A.          Plaintiff's Claims are Precluded by his Criminal Conviction

The search of Plaintiff's residence uncovered marijuana and related paraphernalia. (Dkt. #40, Exhibit 3; Dkt. #41, Exhibit 4; Dkt. #42, Exhibit 4). As a result, Plaintiff was charged with illegal possession of marijuana and subsequently convicted of use of marijuana. (Dkt. #43, Exhibit 5).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Turner v. Sullivan*, 2014 WL 1951464 at *3 (W.D. Mich., May 15, 2014).

Plaintiff's claim that the search of his residence was unlawful certainly calls into question the validity of his criminal conviction. Accordingly, until Plaintiff's conviction is reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus,

Plaintiff is precluded from pursuing the claim in question.  Accordingly, Defendants Biggart, Hopkins, Johnson, Yech, and Babcock are entitled to summary judgment.

> B.      The Search of Plaintiff's Residence was Reasonable

Defendants are also entitled to relief on the ground that the search of Plaintiff's residence was reasonable and lawful.  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  The Fourth Amendment's "central requirement is one of reasonableness."  *Illinois v. McArthur*, 531 U.S. 326, 330 (2001).  The affidavit supporting the issuance of a search warrant:

> must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter.  If an informant's tip is the source of information, the affidavit must recite "some of the underlying circumstances from which the informant concluded" that relevant evidence might be discovered, and "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . .was 'credible' or his information 'reliable.'"

*Franks v. Delaware*, 438 U.S. 154, 165 (1978); *see also*, *United States v. Lawson*, 2006 WL 1538889 at *7 (6th Cir., June 5, 2006).

Probable cause exists where "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also*, *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).  Probable cause is "based on the totality of the circumstances" and is a "practical, non-technical conception that deals with the factual and

practical considerations of everyday life." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir.

2006).  When evaluating whether there existed probable cause to support the issuance of a search

warrant, the Court "may only look within the four corners of the affidavit." *Id.*  The Court must

also, however, "give great deference to a magistrate's determination of probable cause." *Id.*

The affidavit submitted in support of the application for warrant to search Plaintiff's

residence satisfies the aforementioned standard.  (Dkt. #40, Exhibit 3).  The affidavit describes with

particularity the location to be searched and the items to be seized.  (Dkt. #40, Exhibit 3).  With

respect to whether there existed probable cause to believe that a search of Plaintiff's residence would

reveal the presence of contraband or evidence of a crime, the affidavit provides:

> Your Affiant is a Detective with the Narcotics Unit in the Berrien
> County Sheriff's Department.  Your Affiant has eight (8) years of
> police experience.  Your Affiant has received specialized training in
> drug enforcement investigations.
>
> Within the past twenty four hours, Your Affiant and other officers of
> the narcotics unit conducted an investigation into the illegal sale of
> marijuana at the place to be searched.  During this investigation, a
> confidential police informant (hereinafter referred to as a CPI) was
> used.
>
> Your Affiant met with the CPI.  Your Affiant searched the CPI and
> no money or contraband was found.  Your Affiant gave the CPI U.S.
> currency from the Berrien County Narcotics buy fund and instructed
> the CPI to go directly to the place to be searched and attempt to
> purchase marijuana.  The CPI was then instructed to return directly
> to Your Affiant.  The CPI then left Your Affiant and the CPI was
> visually observed to have gone to the place to be searched and enter
> the residence.  The CPI was then visually observed to leave the place
> to be searched and the CPI returned directly to Your Affiant.  The
> CPI then turned over to Your Affiant a quantity of suspected
> marijuana and stated that the CPI saw a quantity of suspected
> marijuana inside the residence.  The CPI told Your Affiant that the
> CPI had purchased the marijuana from a person inside of the
> residence.  Your Affiant then searched the CPI and found no money
> or contraband.

Your Affiant field tested the suspected marijuana and obtained a positive result for the presence of marijuana.

CREDIBILITY OF CPI

The CPI has under the direction of the Berrien County Narcotis Unit established credibility on at least fifty (50) different occasions where controlled substances have been obtained/purchased by the CPI and turned over to your Affiant or other Officers of the Berrien County Narcotics Unit, and was proven in fact to be a controlled substance. The CPI has also provided Your Affiant with several pieces of information in regards to illegal criminal and narcotic activity in the County of Berrien, which Your Affiant has verified and no false or misleading information has been forwarded to Your Affiant by the CPI.

(Dkt. #40, Exhibit 3).

These assertions readily establish that there existed "a fair probability that contraband or evidence of a crime" would be located at Plaintiff's residence.  In sum, the evidence submitted by Defendants demonstrates that the search of Plaintiff's residence was lawful and reasonable. Plaintiff has presented no evidence to the contrary or which demonstrates the existence of a genuine issue of factual dispute as to the reasonableness or lawfulness of the search in question. Accordingly, Defendants Biggart, Hopkins, Johnson, Yech, and Babcock are entitled to summary judgment.


**II.         Plaintiff's Motion for Partial Summary Judgment**

Plaintiff moves the Court for "Partial Summary Judgment and related relief with respect to Unreasonableness of Search Warrant, Lack of Probable Cause Supporting Search Warrants, and Lack of Proper Oath or Affirmation to Support issuance of the Search Warrants." (Dkt. #44).  As discussed in the preceding section, the evidence submitted by Defendants

demonstrates that the search of Plaintiff's residence was lawful and reasonable.  Plaintiff, on the

other hand, has presented no evidence to the contrary or which demonstrates the existence of a

genuine issue of factual dispute as to the reasonableness or lawfulness of the search of his residence.

Accordingly, Plaintiff's motion for partial summary judgment is denied.


**III.        Plaintiff's Motion for a Franks Hearing**

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that if a

criminal defendant "makes a substantial preliminary showing that a false statement knowingly and

intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant

affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth

Amendment requires that a hearing be held at the defendant's request."  *Id.* at 155-56.  If the

"allegation of perjury or reckless disregard is established by the defendant by a preponderance of

the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content

is insufficient to establish probable cause, the search warrant must be voided and the fruits of the

search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

*Id.* at 156.  Asserting that the affidavit in support of the warrant to search his residence was based

upon false statements, Plaintiff requests that the Court hold a *Franks* hearing.  Plaintiff's request

fails for two reasons.

First, a *Franks* hearing "is one that takes place during a criminal prosecution to test

the sufficiency of evidence submitted in support of a search warrant."  *Gilbert v. Mackey*, 2009 WL

997316 at *1 (E.D. Mich., Apr. 14, 2009).  A section 1983 action, such as this, "is an inappropriate

vehicle" for seeking a *Franks* hearing.  *Id.*  Second, even if Plaintiff could seek a *Franks* hearing in

the present action, Plaintiff has not satisfied the standard for obtaining such.  As the *Franks* Court

held:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant.  To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.  The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.

*Franks*, 438 U.S. at 171.

Plaintiff's submissions on this question fall well short of this standard.  Accordingly,

Plaintiff's motion for a *Franks* hearing is denied.

## IV.        Unknown Deputies

Plaintiff's claim challenging the search of his residence has also been asserted against

"unknown deputies" who allegedly participated in the search.  As discussed above, Plaintiff's

challenge to the lawfulness of the search in question is without merit.  Accordingly, for the same

reasons articulated above, Plaintiff's claims against these unknown deputies are dismissed.

## CONCLUSION

For the reasons articulated herein, <u>Defendants' Motion for Summary Judgment</u>, (dkt. #39), is **granted**; <u>Plaintiff's Motion for Partial Summary Judgment</u>, (dkt. #44), is **denied**; <u>Plaintiff's Motion for Franks Hearing</u>, (dkt. #45), is **denied**; Plaintiff's claims against the "Unknown Deputies" are **dismissed**; and this matter is **terminated**.  An Order consistent with this Opinion will enter.


Date:  July 10, 2014                              /s/ Ellen S. Carmody_____
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge